QUIÑONES, APPELLANT, *v.* REGISTRAR ıOF SAN GERMÁN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property in the· Matter of a Deed of Purchase and Sale.

No. 544.—Decided December 1, 1922.

RECORD ıOF TITLE—INDETERMINATE PRICE—CURABLE DEFECT.—In the second clause of a deed of sale it was stated that the price was made up of the sum· of $500 received and the amounts of two mortgages existing on the property; and in the third clause it was said that the $500 paid, plus $1,835, which was the total amount of the mortgages, plus interest and what had been estimated for expenses and costs, made up a fair price for the property and that, therefore, the deed was not subject to annulment on that account. Upon· recording the purchase thd registrar mentioned as a curable defect that the· price was indeterminate because of failure to state the amounts for interest, expenses and costs. *Held:* That the second clause clearly stated the· price and therefore it is not indeterminate.

ID.—AREA OF PROPERTY—EQUIVALENT IN METRICAL SYSTEM—CURABLE DEFECT.—
In this deed the equivalent of the area of the property in the metrical sys-
tem was given, but incorrectly, therefore it was as if no equivalent had been
expressed, for it can not be considered as the equivalent area of the prop-
erty; therefore, the registrar did not err in assigning this mistake as a
curable defect.

The facts are stated in the opinion.

*Mr. B. Forés* for the appellant.

The respondent appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant purchased a property encumbered by two mortgages and the contract of purchase and sale contained, among others, the following clauses:

"Second: The selling price of this property is the aggregate of the amounts of the two mortgages now affecting the property, the grantee assuming the obligation to pay them, and the sum of $500 which the grantor acknowledges having received from the grantee prior to this act in cash on different dates. By virtue thereof, I, the notary, informed the parties that the receipt of the said $500 having been acknowledged, in so far as this sum is concerned the property is conveyed free from encumbrance, although it may be proved later that the said payment was not made in whole or in part.—Third: The parties convenant that as the price of the property is the $500 paid in cash and the amounts of the two mortgages which total $1,835, plus interest and a sum estimated for expenses and costs, that is the fair value of the property and, therefore, this deed shall not be annulled for any reason whatsoever."

The Registrar of Property of San Germán recorded this property in the name of the grantee, "with the curable defects of failure to state in the deed the amount of the interest, expenses and costs secured by the two mortgages, inasmuch as the total of the principals of the said mortgages, the amounts for interest, expenses and costs and the sum of $500 is the price for which the property is conveyed and is therefore, indefinite; and of a mistake in the document in giving the equivalent of the area of the property in the metric system."

The grantee took this appeal because of the assignment

of these defects and prays this court to declare that they do not exist and should not be made to appear in the record of his deed.

Article 10 of the Mortgage Law provides that "In the record of contracts involving a price or the payment of cash, mention shall be made of that stated in the instrument, as well as the form in which payment was made or stipulated." Subdivision 1 of article 11 of the Mortgage Law provides that "If the record be one of the conveyance of ownership, it shall set forth whether the price of the conveyance was paid in cash or in installments; in the former case, whether all or part of the price was paid, and, in the latter, the form and terms stipulated for payment." Consequently, this being a case of the record of a sale, which is a conveyance of ownership, the registrar should state the selling price and the manner of its payment in the record. In this case the price and the manner of its payment were stated in the deed referred to and the only question with regard to the first curable defect assigned in the record is whether the price is indefinite, as found by the registrar in the decision appealed from.

It is true that the second clause of the contract says that the selling price is the aggregate of the $500 paid in cash and the amounts of the two unpaid mortgages to be satisfied by the grantee, and that in the third clause it is said that the price is made up of these two items together with the interest and a sum estimated for expenses and costs; but these last items are not a part of the price, not only because the second clause clearly expresses the price, for instead of fixing the price the third clause is rather a stipulation that as the price is fair the deed shall not be annulled, but also because, as it does not appear from the contract that any interest was due and unpaid, it can not be held that the payment of interest is a part of the price, for the interest to accrue would be on the money retained by the grantee. As

regards the expenses and costs, they are not and could not be a part of the price, because the grantor does not owe these items and the obligation to pay them will attach only if the grantee gives occasion for foreclosure of the mortgages. For these reasons we are of the opinion that the price is clearly stated in the second clause and is not indefinite, as maintained by the registrar.

In the second ground of appeal it is contended that the registrar should not have assigned as a curable defect that the equivalent of the area of the property in the metric system is incorrect.

According to subdivision 1 of article 9 of the Mortgage Law, the record made in the registry shall set forth, among other things, the area of the property according to the standard used in the country and its equivalent in the metric decimal system, if shown in the instrument. In this case the deed contains the area of the property in acres and also its equivalent in the metric system, but that equivalent being wrongly stated because of an arithmetical mistake, which the appellant does not deny, the registrar assigned this as a curable defect.

In applying the said statute in the cases of *González* v. *Registrar* and *Carrasquillo* v. *Registrar* 17 P. R. R. 226 and 409, respectively, this court said that the omission to state the superficial area of an estate is no ground for refusing its record, but is a curable defect which should be made to appear in the registry; and in the case of *Vázquez* v. *Registrar,* 27 P. R. R. 793, we held that it is a curable defect not to set out in the title the area of the property according to the metric system. It is true that in this case the deed stated a certain measurement as the equivalent of the area of the property in the metric system, but it being incorrect, it was as if it had not been expressed, for it can not be considered as the equivalent area of the property; there-

fore, we can not hold that the registrar erred in assigning the second curable defect.

. The decision appealed from is reversed as to the first curable defect therein assigned and affirmed as to the second.

*Reversed in part.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.